J-A07001-20

2020 PA Super 197

| A.A. AND A.M. INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS ON BEHALF OF J.A., A MINOR | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : : : | |
| | : | No. 1104 MDA 2019 |
| STEPHAN R. GLICKEN, M.D.; LEHIGH VALLEY PHYSICIAN GROUP-HAZLETON; LEHIGH VALLEY HOSPITAL-HAZLETON, AND LEHIGH VALLEY HOSPITAL AND HEALTH NETWORK | : : : : : : : | |
| Appellants | : | |

Appeal from the Order Entered June 21, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201701972

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

OPINION BY OLSON, J.:                                    **FILED AUGUST 14, 2020**

Appellants, Stephan R. Glicken, M.D. (individually, Dr. Glicken), Lehigh Valley Physician Group-Hazleton (individually, LVPGH), Lehigh Valley Hospital-Hazleton (individually, LVHH), and Lehigh Valley Hospital and Health Network (individually, LVHHN), appeal from an order entered on June 21, 2019 in the Civil Division of the Court of Common Pleas of Luzerne County that, among other things, denied Appellants' motion to seal a petition to approve a minor's settlement agreement in a medical malpractice action.  We affirm.

The relevant factual and procedural background in this matter is as follows. A.A. and A.M. (collectively, Appellees), acting individually and as parents and natural guardians of J.A., a minor, commenced this medical malpractice action by filing a complaint on February 23, 2017. The complaint alleged, among other things, that J.A. sustained injuries after Dr. Glicken negligently performed a newborn circumcision on J.A. at LVHH. Thereafter, on March 1, 2019, the parties reached a settlement agreement. In addition to resolving the parties' disputed legal claims and fixing the amount of compensation to be paid, the agreement included a confidentiality provision in which Appellees agreed to refrain from comment on any aspect of the litigation, including the facts of the case as well as the existence, terms, and conditions of the settlement.

On or around April 20, 2019, Appellees filed a petition to approve the settlement agreement reached on behalf of the minor, J.A. **See** Pa.R.C.P. 2039(a) ("No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor."). On June 4, 2019, the trial court heard argument on Appellees' petition to approve the settlement. At the same time, Appellants orally requested that the trial court enter an order sealing the petition to approve the settlement of J.A.'s claims. The trial court, on June 6, 2019, issued an order denying Appellants' oral request, but allowed Appellants 10 days to file a written motion. On June 17, 2019, Appellants filed a motion to seal the petition to approve the settlement of J.A.'s claims.

The trial court convened a hearing to address Appellants' motion on June 21, 2019. At the hearing, Appellants argued that their motion to seal furthered two general interests, reduction of the chilling effect that disclosure would have on future settlements and preservation of the parties' interest in privacy. Appellants did not, however, introduce witnesses or other evidence to substantiate their claims. At the conclusion of the hearing, the trial court denied Appellants' motion to seal the petition to approve the minor's settlement agreement. The court, however, temporarily sealed the agreement for 30 days and for the pendency of any related appeal.

Appellants filed a notice of appeal to this Court on July 3, 2019. On July 5, 2019, the trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants timely complied on July 23, 2019, complaining that the trial court abused its discretion in denying their motion to seal the petition to approve J.A.'s settlement agreement. The trial court filed its opinion on September 5, 2019.[1]

Appellants raise the following issue for our review:

Did the trial court err in denying Appellants' uncontested motion to seal [J.A.'s] settlement agreement in the instant matter?

Appellants' Brief at 4.

Before we address the merits of Appellants' claim, we confront the related issues of whether Appellants challenge an appealable order and

_____

[1] Appellees have not filed a brief before this Court or otherwise participated in this appeal.

- 3 -

whether we may properly exercise appellate jurisdiction in this case. This Court may raise jurisdictional issues *sua sponte*. **See Zablocki v. Beining**, 155 A.3d 1116, 1118 (Pa. Super. 2017) ("it is well-settled that [Superior Court] may raise the issue of [its] jurisdiction *sua sponte*"), *appeal denied*, 172 A.3d 1121 (Pa. 2017). Since jurisdictional grounds for this appeal were not immediately apparent,[2] this Court, on September 12, 2019, directed Appellants to show cause why this appeal was not subject to quashal as taken from an unappealable interlocutory order. **See** Per Curiam Order, 9/12/19. Appellants responded to our show cause order on September 20, 2019, and we discharged our show cause order on September 25, 2019. **See** Per Curiam Order, 9/25/19. Our order of September 25, 2019 referred the jurisdictional issues to the merits panel for review.

Appellants' docketing statement declared that Appellants appealed from a final order as provided in Pa.R.A.P. 341. In their response to our show cause order, however, Appellants argued that jurisdiction was proper under the collateral order doctrine, as set forth in Pa.R.A.P. 313. **See** Appellants' Response to Rule to Show Cause, 9/20/19, at 3. Specifically, Appellants argued that their challenge to the trial court's June 21, 2019 order was separable from the underlying action because their claims addressed the

_____

[2] Appellants did not appeal from a judgment but instead challenged an order denying their motion to seal a petition to approve a settlement agreement reached on behalf of a minor.

propriety of sealing a petition to approve a settlement entered on behalf of a minor and, as such, could be resolved without considering the merits of the malpractice litigation. Appellants next asserted that the confidentiality of a settlement agreement reached on behalf of a minor implicated deeply rooted public policy concerns which extend beyond the current appeal. Here, Appellants pointed out that the order denying their motion to seal constituted an abuse of discretion because it was contrary to the agreement of all litigants and because public disclosure of the terms of the settlement agreement contravened public policies aimed at protecting the interests of minor plaintiffs. Lastly, Appellants argued that their claims would be irreparably lost if appellate review was not immediately undertaken since the case would be discontinued in view of the resolution of the parties' dispute.

Pennsylvania law establishes:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Pace v. Thomas Jefferson University Hosp.***, 717 A.2d 539, 540 (Pa. Super. 1998)[.]

A collateral order is defined in Rule 313 as follows:

> Rule 313. Collateral Orders
>
> * * *
>
> (b) Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the

question presented is such that review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). Our Supreme Court explained:

[T]he collateral order doctrine is a specialized practical application of the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule.

*Melvin v. Doe*, [836 A.2d 42, 47 (Pa. 2003).]

*Stahl v. Redcay*, 897 A.2d 478, 485 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007).

Consistent with the definition that appears in our appellate rules, our Supreme Court has identified three elements that define a collateral order - separability, importance, and irreparable loss if review is postponed. *See Ben v. Schwartz*, 729 A.2d 547, 550 (Pa. 1999). An issue is separable if it can be examined without analysis of the claims presented in the underlying litigation. *See id.* at 552. To determine whether an issue is sufficiently important to support application of the collateral order doctrine, "[a court should] weigh the interests implicated in the case against the costs of piecemeal litigation." *Id.* "[I]t is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id.*, *quoting Geniviva v. Frisk*, 725 A.2d 1209, 1213-1214 (Pa. 1999). "[A]n issue is important if the interests that would potentially go unprotected without immediate

appellate review [] are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule." Finally, irreparable loss results from postponement if no effective means of review exist after the entry of final judgment. *See Schwartz*, 729 A.2d at 552.

After careful consideration, we conclude that appellate review is appropriate under the collateral order doctrine. Appellants' challenge to the trial court's June 21, 2019 order requires that we balance the parties' interest in confidentiality against the public's right of access to judicial records. As such, the present appeal is entirely separable from the merits of the underlying medical malpractice action. In addition, although we have not located a prior case discussing the public's right to examine judicial records pertaining to a minor plaintiff, we note that the nature, scope, and extent of the public's right of access to judicial records, in general, has long been recognized as a matter deeply rooted in public policies that extend beyond the present appeal. *See R.W. v. Hampe*, 626 A.2d 1218, 1220 (Pa. Super. 2006) (explaining importance of public's access to civil trials and observing that community's common law right of access to judicial proceedings and inspection of judicial records is beyond dispute). Bearing in mind that the parties have already resolved their dispute and it is likely that this case will be discontinued on remand, immediate appellate review of the interests at stake assumes even greater importance and urgency in view of the diminished concern for judicial efficiency and the reduced likelihood of piecemeal

litigation. Lastly, and for related reasons, we agree with Appellants that their claims will be irreparably lost if this appeal is denied since it is improbable that an appealable order will furnish Appellants an opportunity to raise their claims in the future. Because Appellants' challenge to the trial court's June 21, 2019 order meets the prerequisites for the collateral order doctrine, we shall proceed to the merits of Appellants' claims. **See id.** (order partially sealing record in medical malpractice case appealable as a collateral order as it is separable from main cause of action, implicates issues too important to be denied review, and poses risk of irrevocable harm if left to stand until final disposition).

We turn now to the merits of Appellants' claim that the trial court improperly denied their motion to seal the petition for approval of the settlement agreement. A trial court's decision to grant or deny closure of the record will be reversed by this Court only upon a determination that the trial court abused its discretion. **Id.**

"In order to justify closure or sealing the record a party must overcome the common law presumption of openness." **Id.** Fundamental to democratic government, public access to civil trials enhances the quality of justice, affords a broader understanding of the operation of the courts, and promotes confidence in and respect for our judicial system. **See id.** at 1220-1221. To rebut the presumption of openness, and to obtain closure of judicial proceedings and records, a party must demonstrate "good cause." **See**

- 8 -

Goodrich Amram 2d § 223(a):7. Good cause exists where closure is "necessary in order to prevent a clearly defined and serious injury to the party seeking" it. ***Id.***

Appellants argue that the trial court abused its discretion in denying their motion because they established good cause to believe that definite and serious injuries would result from the court's refusal to seal the petition to approve J.A.'s settlement. In their brief, Appellants maintain that disclosure of the terms of the parties' settlement agreement could adversely affect J.A. and chill future settlement of malpractice litigation. ***See*** Appellants' Brief at 9. Appellants also complain that the trial court wrongly disregarded the parties' agreement in refusing to seal the petition for approval. ***Id.*** According to Appellants, the trial court's ruling will dissuade cooperation between future litigants and frustrate the settlement of personal injury actions.

After careful review, we are unable to conclude that the trial court erred or abused its discretion. As a preliminary matter, the trial court correctly concluded that Appellants did not meet their burden of showing good cause for sealing the record in this case. Although Appellants broadly alleged that the challenged order would chill settlement in future malpractice actions, they offered no evidence to substantiate this claim. Moreover, the trial court correctly observed that the chilling effect on settlements is insufficient, standing alone, to overcome the compelling public interest in open records. ***See*** Trial Court Opinion, 9/5/19, at 5. Additionally, Appellants did not show

that public disclosure of the petition to approve would result in particularly serious embarrassment. In fact, Appellants have not rebutted the trial court's observation that disclosure of the petition to approve would not harm any litigant's interest in privacy since many documents already in the public sphere reveal the salient facts in this case. ***See id.*** at 6. Lastly, Appellants have not shown that the trial court improperly disregarded the parties' agreement regarding nondisclosure. Instead, the record and the trial court's opinion confirm that the court denied Appellants' motion to seal because good cause to overcome the presumption favoring public access did not exist.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/14/2020