J-A13040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| URVE MAGGITTI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR J. MAGGITTI, JR. | : | |
| | : | |
| Appellee | : | No. 2420 EDA 2021 |

Appeal from the Order Entered October 26, 2021
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2021-07135-CT

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED SEPTEMBER 28, 2022**

Appellant, Urve Maggitti, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, which denied Appellant's motion to seal the complaint and attached exhibits in this breach of contract action. We vacate and remand for further proceedings.

The facts and procedural history of this case are as follows. On September 9, 2021, while the parties were in the process of obtaining a divorce, Appellant field a *pro se* complaint against Appellee, Victor J. Maggitti, Jr., alleging breach of contract and other claims related to Appellee's attempt to modify a divorce agreement between the parties. Attached to the complaint were two exhibits. Exhibit A is an email containing the details of the parties' divorce agreement, and Exhibit B is another email where Appellee attempts to modify the monetary amounts in the initial agreement. Contemporaneously

with filing the complaint, Appellant filed a motion to seal the complaint and exhibits. On September 13, 2021, the trial court denied the motion to seal, finding that although both parties wished for the complaint and exhibits to be kept private, Appellant did not show good cause that closure is necessary to prevent a clearly defined and serious injury.

On September 14, 2021, Appellant filed a *praecipe* to withdraw the complaint. On September 16, 2021, she filed a motion to reconsider the court's September 13, 2021 order, requesting again that the court seal the complaint and exhibits. The court denied the motion for reconsideration that same day.

Appellant subsequently filed a second motion for reconsideration arguing that, because of the pending divorce action between the parties, the breach of contract complaint pertained to the existing prenuptial agreement between the parties. She also argued that Exhibit A constituted a confidential agreement pursuant to 23 Pa.C.S.A. § 3105 (governing effect of agreement between parties in divorce proceedings).

On October 26, 2021, the trial court granted in part and denied in part the motion for reconsideration. The court granted Appellant's request to seal Exhibit A, finding that she had shown good cause for its closure. However, the court denied Appellant's request to seal the complaint and Exhibit B because, it concluded, Appellant failed to identify any allegation that contains confidential information under the Case Records Public Access Policy of the

- 2 -

Unified Judicial System of Pennsylvania.

Appellant filed a timely notice of appeal on November 23, 2021. The court did not order Appellant to file a concise statement of errors complained of on appeal, and Appellant filed none.

Appellant raises the following issues on appeal:

I. Was it error for the Court of Common Pleas of Chester County, Pennsylvania to not allow the statutory 20-days for the opposing party to weigh in on the Motion to Seal confidential information?

II. Was it error for the Court of Common Pleas of Chester County, Pennsylvania to deny Motion to Seal Complaint which contained sensitive confidential information?

III. Was it error for the Court of Common Pleas of Chester County, Pennsylvania to grant Motion to Seal regarding one Exhibit A and deny … Motion to Seal to another Exhibit B that contained similar confidential information?

IV. Was it error for the Court of Common Pleas of Chester County, Pennsylvania to deny Appellant's request for oral argument and/or an evidentiary hearing?

V. Was it error for the Court of Common Pleas of Chester County, Pennsylvania to deny Appellant's request to seal confidential information contained in the original pleading the Verified Complaint and in the Exhibit "B"?

(Appellant's Brief at 3-4).

Preliminarily, we must discern whether Appellant's challenge is properly before us. An appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order. *See* Pa.R.A.P. 341, 311, 312, and 313, respectively. "A collateral order is an order separable from and

- 3 -

collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

"[T]he collateral order doctrine is a specialized practical application of the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule." **A.A. v. Glicken**, 237 A.3d 1165, 1169 (Pa.Super. 2020) (quoting **Melvin v. Doe**, 575 Pa. 264, 272, 836 A.2d 42, 47 (2003)).

> An issue is separable if it can be examined without analysis of the claims presented in the underlying litigation. **See** [**Ben v. Schwartz**, 556 Pa. 475, 729 A.2d 547, 552 (1999)]. To determine whether an issue is sufficiently important to support application of the collateral order doctrine, "[a court should] weigh the interests implicated in the case against the costs of piecemeal litigation." **Id.** "[I]t is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." **Id.**, quoting **Geniviva v. Frisk**, 555 Pa. 589, 725 A.2d 1209, 1213-1214 (1999). "[A]n issue is important if the interests that would potentially go unprotected without immediate appellate review are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule." Finally, irreparable loss results from postponement if no effective means of review exist after the entry of final judgment. **See Schwartz**, 729 A.2d at 552.

**A.A., supra** at 1169.

In **A.A.**, this Court held that an order denying a motion to seal a petition to approve a settlement agreement constituted a collateral order. Specifically,

we determined that the issue of sealing the petition to approve the settlement agreement was entirely separable from the merits of the underlying medical malpractice action. This Court explained that immediate appellate review was even more important because the parties had already resolved their dispute. Finally, the Court decided that the appellants' claim would have been irreparably lost if the appeal was denied since it was improbable that there would be a future appealable order that would allow the appellants to raise their claim. *Id.* at 1169-70.

Here, we similarly hold that the order denying Appellant's request to seal the complaint and Exhibit B constitutes a collateral order. The issue of the confidentiality of the complaint and Exhibit B is entirely separable from the underlying action. In addition, like in *A.A.*, the parties here have apparently resolved the breach of contract action (by virtue of Appellant's *praecipe* to withdraw the complaint), so appellate review is even important, as Appellant's request to seal will likely be irreparably lost in the absence of immediate review. Consequently, the prerequisites for the collateral order doctrine are met. *See id.*; Pa.R.A.P. 313(b).

Before considering the merits of the claim, however, we must also discern whether there remains an actual case and controversy. At every stage of the judicial process, an actual case or controversy must exist to avoid dismissal for mootness. *In re D.A.*, 801 A.2d 614, 616 (Pa.Super. 2002) (*en banc*). Nevertheless, this Court has held that "moot appeals will be reviewed

where a party to the controversy will clearly continue to suffer detriment due to the decision of the trial court." ***Erie Ins. Exch. v. Claypoole***, 673 A.2d 348, 353 (Pa.Super. 1996) (*en banc*). Here, soon after filing her breach of contract action, Appellant withdrew the complaint. Her only remaining issue concerns sealing the complaint and Exhibit B. Although Appellant has withdrawn her action, she will continue to suffer the detriment of her filings being publicly accessible. Therefore, an exception to the mootness doctrine applies and we proceed with our merits review. ***See id.***

We combine Appellant's issues. Appellant argues the trial court improperly denied her motion to seal the complaint and Exhibit B. Appellant insists that the complaint and exhibits were related to a divorce proceeding between the parties, and contained sensitive private and confidential information about the parties, which constitute confidential information under the Case Records Public Access Policy at 204 Pa.Code § 213.81, Section 8.0 (governing "confidential documents" and designating agreements between parties as used in 23 Pa.C.S.A. § 3105 as "confidential"). Appellant contends that the court erred in differentiating between the exhibits to the complaint, and asserts that both exhibits, and the complaint itself, contained similar confidential information. We agree that relief is due.[1]

---

[1] Due to our holding that the court should have sealed the complaint and both exhibits, we decline to reach Appellant's ancillary issues concerning whether the court was required to give Appellee 20 days to respond to the motion and whether the court should have conducted a hearing on the motion.

A trial court's decision to grant or deny closure of the record will be reversed by this Court only upon a determination that the trial court abused its discretion. ***A.A., supra*** at 1170.

> In order to justify closure or sealing the record a party must overcome the common law presumption of openness. Fundamental to democratic government, public access to civil trials enhances the quality of justice, affords a broader understanding of the operation of the courts, and promotes confidence in and respect for our judicial system. To rebut the presumption of openness, and to obtain closure of judicial proceedings and records, a party must demonstrate good cause. Good cause exists where closure is necessary in order to prevent a clearly defined and serious injury to the party seeking it.

***Id.*** (citations and internal quotation marks omitted).

Documents filed in divorce, and matters related to divorce are public records; however, the public's right of access may be limited where the access serves no useful public purpose or legitimate interest. ***Katz v. Katz***, 514 A.2d 1374, 1380 (Pa.Super. 1986). This Court has noted that "[d]ivorce cases present one exception to the general rule of openness" and "[t]he details of divorce 'involve matters which are essentially private in nature and...lack any useful, public purpose.'" ***R.W. v. Hampe***, 626 A.2d 1218, 1222 (Pa.Super. 1993) (quoting ***Katz, supra*** at 1379).

Here, the instant case is not specifically a divorce action. Nevertheless, upon reviewing the complaint and attached exhibits, it is clear that those documents are completely entwined in the parties' divorce action. The complaint details the specifics of an agreement between the parties

concerning their financial responsibilities to one another as part of a quick divorce that they hoped to obtain, and the exhibits are emails between the parties discussing the mechanics of this agreement. Neither the complaint nor the exhibits serve any useful public purpose or legitimate interest, rather they involve matters related to the divorce which are private in nature. ***See R.W., supra***; ***Katz, supra***. Further, Appellant has shown that good cause exists to seal the records because they reveal private financial information of the parties.

Based upon the foregoing, we conclude that the trial court erred when it denied Appellant's request to seal the complaint and both attached exhibits. Accordingly, we vacate the court's order and remand so that the trial court may enter an appropriate order sealing the complaint and both exhibits.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022