2024 PA Super 124

| | | |
|---|---|---|
| G.K., A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, BRITTANY KUGEL AND BRITTANY KUGEL AND KENNETH KUGEL, IN THEIR OWN RIGHT | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| CHRISTINA M. LABELLA, M.D., ALLEGHENY CLINIC D/B/A WESTERN PENNSYLVANIA OB/GYN ASSOCIATES AND ALLEGHENY HEALTH NETWORK | : : : : : : : | |
| Appellants | : | No. 367 WDA 2023 |

Appeal from the Order Entered March 7, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 18-000478

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

OPINION BY KUNSELMAN, J.:                    **FILED: June 10, 2024**

In this medical-malpractice action, the Defendants, Christina M. LaBella, M.D.; Allegheny Clinic; and the Allegheny Health Network (collectively, "AHN") appeal from the order granting Plaintiffs Brittany and Kenneth Kugel's motion to discontinue.  We quash the appeal as premature.

In 2018, Mr. and Mrs. Kugel sued AHN on behalf of themselves and their minor Son claiming that AHN mishandled Mrs. Kugel's prenatal care, which resulted in Son's premature birth.  The parties engaged in five years of discovery.  They eventually entered a consent order requiring the Kugels to produce an expert report by January 23, 2023.  When that day arrived, the

Kugels petitioned the Orphans' Court of Allegheny County to discontinue Mr. and Mrs. Kugels' case with prejudice and Son's case ***without*** prejudice.

The President Judge of the Orphans' Court, Lawrence J. O'Toole, heard oral argument on the petition. AHN contended that the orphans' court should discontinue Son's case with prejudice. The orphans' court took the petition and arguments under advisement.

Then, on March 7, 2023, President Judge O'Toole and the Administrative Judge of the Civil Division, Christine A. Ward, co-signed and docketed an order granting discontinuance of Son's case without prejudice.[1] Ten days later, AHN petitioned the civil division to strike the discontinuance of Son's case from its docket. AHN's petition raised a novel issue of local procedure: *i.e.*, whether Allegheny County Rule of Civil Procedure 2039(a) permitted the Administrative Judge of the Civil Division to co-sign the order with the orphans' court judge. AHN claimed that the civil division had to assign the petition to the Calendar Control Judge for a *de novo* hearing and/or argument before a judge of that division could join any order discontinuing Son's case without prejudice.

On March 28, 2023, the Calendar Control Judge heard oral argument on AHN's petition to strike the discontinuance. However, before that judge could rule, AHN appealed the March 7, 2023 order to this Court.

AHN raises two appellate issues:

---

[1] The order granted discontinuance of the Parents' case with prejudice.

> 1. Did the [orphans'] court abuse its discretion in granting [the] petition to discontinue [Son's] action without prejudice . . . ?
>
> 2. Did the [civil division] abuse its discretion in failing to adhere to state and local rules of civil procedure regarding the disposition of [the] petition to discontinue?

AHN's Brief at 4 (some capitalization omitted). Before reaching the merits of those issues, we must consider whether our appellate jurisdiction has vested, because AHN appealed before the civil division could resolve its petition to strike the discontinuance.

Although neither party challenges our appellate jurisdiction, "it is well-settled that Superior Court may raise the issue of its jurisdiction *sua sponte*." *A.A. v. Glicken*, 237 A.3d 1165, 1168 (Pa. Super. 2020) (quoting *Zablocki v. Beining*, 155 A.3d 1116, 1118 (Pa. Super. 2017), *appeal denied*, 172 A.3d 1121 (Pa. 2017)) (some punctuation omitted). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." *Commonwealth v. Seiders*, 11 A.3d 495, 496–97 (Pa. Super. 2010).

An "appeal will lie only from a final order unless otherwise permitted by statute." *Funk v. Empfield*, 281 A.3d 315, 318 (Pa. Super. 2022) (quoting *Gasper v. Gasper*, 432 A.2d 613, 615 (Pa. Super. 1981). "A final order disposes of all claims and of all parties . . . ." Pa.R.A.P. 341.

The Supreme Court of Pennsylvania has said, "a praecipe to discontinue constitutes a final judgment . . . ." *Miller Elec. Co. v. DeWeese*, 907 A.2d 1051, 1055 (Pa. 2006), *amended*, 918 A.2d 114 (Pa. 2007). Based on *Miller*,

- 3 -

this Court has held that whether a discontinuance is with or without prejudice has no bearing on appealability. If there "are no outstanding claims remaining . . . we have jurisdiction . . . ." **Levitt v. Patrick**, 976 A.2d 581, 588 (Pa. Super. 2009).

Here, AHN has an outstanding claim pending in the trial court – namely, its petition to strike the discontinuance of Son's case. Recently, we held the filing of a petition to strike a discontinuance "constituted new proceedings" before the trial court. **U.S. Bank Trust v. Unknown Heirs Claiming under Helen A. Brolley**, 278 A.3d 310, 316 n.3 (Pa. Super. 2022).

**U.S. Bank Trust** involved a mortgage-foreclosure action, initially filed by Wells Fargo Bank. There, the trial court entered a September 9, 2009 order granting summary judgment in favor of Wells Fargo and against Ms. Brolley's heir. EMC Mortgage LLC then substituted as plaintiff due to a string of mortgage assignments. EMC thereafter tried to execute on the summary judgment, but the heir filed for bankruptcy, which stayed execution.

In 2012, EMC filed a new action to re-foreclose on the same property. It praeciped to discontinue the original action and to vacate the order granting summary judgment to Wells Fargo, EMC's predecessor in interest. EMC hoped to "avoid the preclusive effect of the final judgment already issued in [the] case . . . ." **Id.** at 313. Its plan failed, because *res judicata* barred EMC's second action.

Thereafter, in April of 2020, U.S. Bank petitioned the trial court to "strike the *praecipe* to discontinue, entered almost exactly seven years earlier by EMC

. . . ." *Id.* at 314. It is unclear how U.S. Bank became involved in the action, but it also moved to substitute another entity "as the named plaintiff due to [yet another] reassignment of the mortgage."[2] *Id.* U.S. Bank argued that EMC's praecipe to discontinue was invalid and prevented the bank from executing on the 2009 award of summary judgment. The trial court held a hearing on the petition to strike the discontinuance. It denied relief. U.S. Bank appealed, and we *sua sponte* questioned our appellate jurisdiction.

This Court held that the filing of a petition to strike a discontinuance and the trial court's consideration thereof "constituted **new proceedings** in [the] case." *Id.* at 316 n.3 (emphasis added). Furthermore, an appeal would lie from the order denying the petition, because that order "disposed of all claims and all parties." *Id.* "Accordingly, [that] order was final and appealable pursuant to Pa.R.A.P. 341(a)-(b)(1) (providing that 'an appeal may be taken as of right from any final order of a government unit or trial court,' including an order that 'disposes of all claims and of all parties')." *Id.* As such, we had jurisdiction over U.S. Bank's appeal.

Similarly, AHN petitioned to strike the non-prejudicial discontinuance of Son's case, and the Calendar Control Judge undertook consideration of that petition to strike. The filing of AHN's petition and the civil division's consideration of that petition "constituted new proceedings in this case." *Id.* However, unlike U.S. Bank, AHN appealed before the entry of an order

---

[2] We recognized that U.S. Bank potentially lacked standing to petition to strike the discontinuance, but that issue was not before this Court on appeal.

disposing of its petition to strike. Therefore, AHN's petition to strike remains unresolved; it is still pending under the original jurisdiction of the court of common pleas' civil division.

Unlike in **U.S. Bank**, **supra**, the trial court did not issue a final and appealable order pursuant to Pa.R.A.P. 341(a)-(b)(1) deciding the petition to strike. No order disposed of AHN's novel claim, raised in its petition to strike, that the Administrative Judge lacked authority under the Local Rules to co-sign the March 7, 2023 order with the orphans' court. Indeed, that issue did not manifest until the March 7, 2023 order was filed.

Therefore, the appellate jurisdiction of this Court does not lie from the March 7, 2023 order of the orphan's court, because that order does not dispose of all of AHN's claims. AHN's petition to strike Son's discontinuance created a new claim, which is still pending in the trial court. **See U.S. Bank**, **supra**. Thus, the appealed-from order is not a final, appealable order.

The civil division must resolve the petition to strike the discontinuance in the first instance. As such, AHN's appeal is premature.

Appeal quashed.

Judge Murray joins.

Judge Bowes files a dissenting opinion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/10/2024