J-A08016-25

2025 PA Super 234

| | | |
|---|---|---|
| JOSEPH L. FELICIANI, AS ADMINISTRATOR OF THE ESTATE OF GRACE PACKER | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| THE IMPACT PROJECT, INC., PINEBROOK FAMILY ANSWERS, WARWICK FAMILY SERVICES, INC., SARA PACKER, JACOB SULLIVAN, DAVID PACKER, VALLEY YOUTH HOUSE | : : : : : : : : : : : | No. 864 EDA 2024 |
| APPEAL OF: BUCKS COUNTY COURIER TIMES | : : | |

Appeal from the Order Entered March 19, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180603829

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

OPINION BY McLAUGHLIN, J.:                    **FILED OCTOBER 15, 2025**

Bucks County Courier Times ("the Times") appeals from the order denying its motion to intervene and unseal settlement documents. The Times argues the documents are judicial records to which they have a right of access. We conclude the documents sought are judicial records and remand for the trial court to determine whether under common law the documents in this case should be unsealed.

The trial court set forth the following factual and procedural history:

> This case stems from the abuse and murder of Grace Packer, a child, at the hands of her adoptive family. The

Impact Project ("Impact"), Pinebrook Family Answers ("Pinebrook"), and Warwick Family Services, Inc. ("Warwick") (collectively, "Defendants") were named as defendants in the case for allegedly failing to ensure the physical safety and emotional wellbeing of the child. [The Times], a newspaper, has reported on Defendants' alleged actions and inactions.

The underlying action, in which [the Times] seeks to intervene, was first initiated in June 2018 [by Joseph L. Feliciani, as administrator of the Estate of Grace Packer ("Plaintiff")]. A case management conference was held on October 3, 2018. On July 21, 2020, the Wrongful Death Order for Defendants Impact and Pinebrook was docketed. Warwick continued to litigate the matter after Impact and Pinebrook settled. On March 17, 2021, a Trial Work Sheet was docketed indicating that the case settled prior to assignment for trial. Attached to this Work Sheet was a letter from Plaintiff's counsel, dated March 17, 2021, stating that the matter was "mediated and amicably resolved." On September 14, 2021, the Wrongful Death Order for Warwick, dated September 13, 2021, was docketed. This Order amended a previous version of the Order that had been docketed on September 9, 2021. On October 18, 2022, Plaintiff filed a Praecipe to mark the matter settled, discontinued, and ended. The matter settled before the scheduled Settlement Conference. There was no pre-trial conference.

Trial Ct. Op., filed Sept. 30, 2024, at 1-2.

In March 2023, the Times filed a motion to intervene and unseal. It requested the right to intervene for the "limited purpose of vindicating the public and press's First Amendment and common law rights to access important judicial records like the Settlement Records at issue here." Memorandum of Law in Support of the Bucks County Courier Times' Motion to Intervene and Unseal, filed Mar. 24, 2023, at 2-3. It requested that the court unseal the following documents: (1) May 4, 2020 petition to settle; (2) July

- 2 -

21, 2020 wrongful death order; (3) June 15, 2021 petition to approve settlement; (4) July 20, 2021 order of deferment; (5) September 9, 2021 order granting petition for wrongful death; and (6) September 14, 2021 settlement order (collectively, "Settlement Documents"). *Id.* at 2. In February 2024, after oral argument and supplemental briefing, the trial court denied the Times's motion. The Times timely appealed.

The Times raises the following issues:

> Did the trial court abuse its discretion in denying [the Times]' motion to intervene for the limited purpose of unsealing judicial records?

> Did the trial court err as a matter of law when it denied [the Times]' motion to unseal dockets and sealed judicial records?

The Times' Br. at 2 (suggested answers omitted).[1] In the argument section of its brief, the Times reverses the order of the issues. We will address the issues in the order presented in the argument section of the brief.

The Times first argues the First Amendment and common law rights of access entitle the public and press to access to the Settlement Documents. Regarding the common law right, it argues the Settlement Documents are judicial records, as they were filed with the court. It points out that the law requires court approval of wrongful death settlements, and because the

---

[1] The Impact Project filed an appellee brief, which Pinebrook Family Answers joined.

The Pennsylvania Newsmedia Association and the Cornell Law School First Amendment Clinic filed a joint brief as *amici curiae* in support of the Times.

proposed settlement involved a distribution to the decedent's minor sibling, court approval was further required. It argues the trial court's reasoning that the Settlement Documents are not judicial records because the procedural rules require the filing "opens the door to compounded harms whereby courts may simply rubber stamp settlement agreements even where, as here, the trial court is obligated by law to approve a settlement." The Times' Br. at 11. It argues the trial court was not merely copied on the Settlement Documents, but was required to scrutinize them. It cites cases stating that settlement agreements are presumptively open as public records when they are filed in court. **Id.** (citing **A.A. v. Glicken**, 237 A.3d 1165, 1170 (Pa.Super. 2020); **Stenger v. Lehigh Valley Hosp. Ctr.**, 554 A.2d 954, 960 (Pa.Super. 1989)).

The Times also argues the First Amendment guarantees presumptive public access to the Settlement Documents. It argues that court records of settlements have "historically been open to the press," and therefore the experience prong supports access. **Id.** at 17. It also argues the logic prong supports access, reasoning that allowing access promotes the informed discussion of governmental affairs by providing a more complete understanding of the judicial system, promoting the public perception of fairness, and serving as a check on the integrity of the courts.

We first will address the common law right of access. "[T]he determination of whether an item will be considered a public judicial record or document subject to the common law right of access is a question of law, for which the scope of review is plenary." **In re: 2014 Allegheny Cnty.**

*Investigating Grand Jury*, 223 A.3d 214, 228 (Pa. 2019) (quoting *Commonwealth v. Upshur*, 924 A.2d 642, 647 (Pa. 2007)). If "a presumption of openness attaches to a particular document, a trial court's decision to deny access to the document 'will be reviewed for abuse of discretion.'" *Id.* (citation omitted).

Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 228-29. However, "not all documents and materials utilized during court proceedings are subject to the right of access." *Id.* at 229 (citation omitted). Rather, "[t]he threshold question in any case involving the common law right of access is 'whether the documents sought to be disclosed constitute public judicial documents.'" *Id.* (quoting *Upshur*, 924 A.2d at 647-48). Public judicial documents include documents "filed with the court as part of the permanent record of a case and relied on in the course of judicial decision-making." *Id.* "Conversely, documents that are not public judicial documents include transcripts of bench conferences held *in camera* and working notes maintained by the prosecutor and defense counsel at trial." *Id.* (citation omitted).

If a document is determined to be a public judicial record or document, there is a "presumption . . . in favor of public access[.]" *Upshur*, 924 A.2d at 651 (citation omitted). However, the right is not absolute. *Id.* Rather, a court can deny access if the presumption of openness "is outweighed by circumstances warranting closure of the document to public inspection[.]" *Id.* (citation omitted). The party seeking to rebut the presumption of openness

- 5 -

has the burden of showing closure is warranted. *Id.* This Court has recognized that there are "many situations" in which courts may conclude that closure is warranted to "safeguard an articulated interest and need," such as to protect the identity of a confidential informant in a criminal context, or to "protect private as well as public interests: to protect trade secrets, or the privacy and reputations of innocent parties, as well as to guard against risks to national security interests and to minimize the danger of an unfair trial by adverse publicity." *Com. ex rel. Dist. Atty. of Blair Cnty.*, 823 A.2d 147, 150-51 (Pa.Super. 2003) (cleaned up). *See also Katz v. Katz* 514 A.2d 1374, 1377 (Pa. Super. 1986) (same). *But cf*. *In re Estate of duPont*, 2 A.3d 516, 525, 520 (Pa. 2010) (suggesting that where a sealing order has been entered and remains unchallenged, the burden of persuasion rests with the party seeking to modify a previously-entered order placing court records under seal); *In re 2014 Allegheny Cnty. Investigating Grand Jury*, 223 A.3d at 229 (noting that "documents that are not public judicial documents include transcripts of bench conferences held *in camera*[,]" and that "documents placed under seal are similar to transcripts of bench conferences held *in camera* . . ..").

In *Bank of America National Trust and Savings Association v. Hotel Rittenhouse Associates*, the United States Court of Appeals for the Third Circuit held a settlement agreement filed of record and submitted to the

court for approval was a judicial record.[2] 800 F.2d 339, 343 (3d Cir. 1986); *see also Glicken*, 237 A.3d at 1170 (affirming order denying unopposed motion to seal settlement documents). In our case, Appellees and the trial court attempt to distinguish **Hotel Rittenhouse** because there, the court addressed a motion to enforce the settlement and the parties admitted they anticipated disagreement following the settlement. Trial Ct. Op. at 6; Impact Project's Br. at 9-10. However, the court in **Hotel Rittenhouse** discussed the motion to enforce and the parties' beliefs when balancing the factors for and against access. **Hotel Rittenhouse**, 800 F.2d at 344-45. The court only reached the balancing step because it had already determined that the document was a public judicial record. **Id.** at 343.[3]

The trial court relied on **Milton Hershey School v. Pennsylvania Human Relations Commission**, 226 A.3d 117 (Pa.Cmwlth. 2020), when it found the Settlement Documents were not judicial records because they were "not of the sort that the Court 'relies' upon in reaching a decision." Trial Ct.

_____

[2] We are not bound by decisions from the Third Circuit. **Commonwealth v. Long**, 922 A.2d 892, 898 n.8 (Pa. 2007).

[3] In contrast, in **LEAP Systems, Inc. v. MoneyTrax, Inc.**, 638 F.3d 216, 220 (3d Cir. 2011), relied on by Appellees, the Third Circuit stated that settlement agreements reached "without court assistance or intervention" are not judicial records. There, the court explained that "'settlement documents can become part of the public component of a trial' under either of two circumstances: (1) 'when a settlement is filed with a district court;' and (2) 'when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision.'" **Id.** (citation omitted). The court ultimately affirmed the order that unsealed the transcript memorializing the terms of the settlement. **Id.**

Op. at 6. In **Milton Hersey School**, The Philadelphia Inquirer requested that the court unseal a reproduced record comprised of parts of an agency record. The agency record was made before the Human Relations Commission and remained sealed at the agency at the time of the appeal. The Commonwealth Court noted that the matter was before it on the discrete issue of "whether [Milton Hershey School] qualifie[d] as a 'public accommodation,'" and the Commission had not made factual findings on the underlying matter before it, as the proceedings were stayed. **Milton Hersey Sch.**, 226 A.3d at 121, 129-30. The court found the reproduced record was not a judicial record. It explained that the "copy of the agency record is required for the convenience of the court and the parties because it would be difficult for multiple judges and the parties to rely solely on one original paper record[.]" **Id.** at 130. It concluded that "[t]he mere fact that the agency record was copied in compliance with the [Rules of Appellate Procedure] does not necessarily transform the copy into something other than the agency record it was." **Id.**

Here, the Settlement Documents are related to a settlement agreement filed with the trial court in a case involving wrongful death and survival claims, where the intestate heir is a minor. In such an action, the trial court was required to approve any settlement. **See** Phila. Civ. R. 2206(A)(3) ("If both Wrongful Death and Survival Action claims are raised, Court approval [of a settlement] is required"); Pa.R.Civ.P. at 2206(a) ("No action for wrongful death in which a minor . . . has an interest shall be discontinued nor shall the interest of a minor . . . in any such action or in a judgment for damages

recovered therein be compromised or settled until the court, upon petition of any party in interest, shall allow the discontinuance or approve the compromise or settlement as being fair and equitable").[4]

The purpose of the rules requiring court approval of settlements involving minors is "to ensure that a minor's interest is protected and that any settlement entered into for the benefit of the minor is fair and equitable." *Estate of Murray by York Bank and Trust Co. v. Love*, 602 A.2d 366, 369 (Pa.Super. 1992). In survival actions, court approval "is intended to protect the estate, as well as the creditors and beneficiaries thereof," and "a court may refuse to approve a settlement of a survival action which is inadequate." *Schuster v. Reeves*, 589 A.2d 731, 734 (Pa.Super. 1991).

The settlement entered into by the parties required court approval. Unlike the reproduced record in *Milton Hershey School*, which contained copies of items in the official record, here the court had to review the Settlement Documents to determine whether the settlement was fair and equitable as to the minor's interest and was adequate to protect the estate's beneficiaries. Therefore, the Settlement Documents were public judicial

_____

[4] The decedent's minor sibling was to receive settlement funds from the Estate.

documents, as the parties filed them with the court as part of the permanent record and the court relied on them during judicial decision-making.[5]

Because the trial court found the Settlement Documents were not public judicial documents, it did not engage in a balancing of the factors to determine whether access to the documents was proper in this case. We therefore remand for the trial court to conduct such a balancing test. **See 2014 Allegheny Cnty. Investigating Grand Jury**, 223 A.3d at 229.

The Times next argues the trial court denied its motion to intervene without explanation. It maintains the denial was an abuse of discretion as third parties routinely are granted limited intervention to challenge the sealing of judicial records.

_____

[5] Because we find a common law right of access attached to the Settlement Documents, we do not address whether there also was a First Amendment right of access. **Long**, 922 A.2d at897 (policy of Court is "to resolve claims on non-constitutional grounds in the first instance").

If the trial court determines that the factors weigh against unsealing the documents under the common law right of access, it shall then determine whether access is required under the First Amendment. It shall first determine if a First Amendment right of access attaches by considering whether experience and logic dictate that the right attaches. **Press-Enter. Co. v. Super. Ct. of Cal. for Riverside Cnty.**, 478 U.S. 1, 9 (1986). If it finds the right attaches, the trial court then must determine whether there is an "overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." **See id.** (citation omitted).

The order denied the petition to intervene and unseal settlement records without explanation. On remand, the trial court should set forth its reasoning for denying intervention.[6]

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025

---

[6] **See Upshur**, 924 A.2d at 645 n.2 ("This Court has long held that a motion to intervene is an appropriate method for the news media to assert the public right of access to information concerning criminal cases."). **But see Milton Hershey Sch.**, 226 A.3d at 123 (concluding intervention was not required where petition to access court records was filed after the court proceedings had been resolved and to extent petitioner sought intervention, dismissing request as moot (citing **In re Estate of duPont**, 2 A.3d at 517-18).